# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2011

No. 09-31177

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDE E. WILLIAMS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CR-10031-1

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Claude Williams appeals his three-count conviction of possession of unregistered firearms. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31177

I.

Williams, a chief of police, consented to a search of his residence, his personally owned minivan, and his assigned police unit. Three firearms were discovered: A machine gun, specifically a .223 caliber M-16 rifle, was found in the sunroom of the master bedroom; and a sawed-off Western Arms 12-gauge shotgun and a sawed-off Remington rifle were discovered in Williams's minivan, along with what appeared to be a broken display case. Williams claimed that he inherited the sawed-off shotgun and sawed-off rifle, along with the broken display case, from the previous chief. He asserted that he used the three weapons and the case to teach children at the Bo Peep Head Start Center about the dangers of firearms. He also stated that he used his own home and his personal vehicle for official police functions, which is why the firearms were found where they were. Williams was indicted on five counts: three counts of possession of unregistered firearms in violation of 26 U.S.C. § 5861(d) and two counts of making false statements to federal law officials in violation of 18 U.S.C. § 1001.

At trial, the previous chief testified that he had never seen the guns or the case before. An employee of the Head Start Center testified that she did not remember seeing Williams come to their facility with a case containing firearms.

The jury returned a verdict of guilty on the three counts of possession of unregistered firearms and not guilty on the two counts of making false statements. Williams appeals the sufficiency of the evidence for counts 1, 2, and 3, as well as the constitutionality of 26 U.S.C. § 5861.

II.

Williams did not challenge the sufficiency of the evidence in the district court; therefore, our inquiry on appellate review is "whether there has occurred a manifest miscarriage of justice." *United States v. Ivory*, 468 F.2d 613, 613 (5th Cir. 1972) (marks and citation omitted). A manifest miscarriage of justice exists

No. 09-31177

"only if it appears that the record is devoid of evidence pointing to guilt." *Id.* at 614 (marks and citation omitted).

A.

Williams argues that the government did not produce sufficient evidence to show that his possession of the three firearms was illegal. The six rationales he gives for this argument, however, are either incorrect or irrelevant.

First, Williams argues that firearms were not operational, a requirement under the statute. Williams has his facts wrong: Both parties stipulated at the trial level that all three firearms were in operable condition as defined by law.

Second, Williams contends that he possessed the weapons in his official capacity as police chief, utilizing them to teach children about gun safety. That is irrelevant. Even assuming, *arguendo*, that Williams did possess the weapons solely for the purpose of community outreach, the firearms still had to be registered. Under 27 C.F.R. § 479.104, entitled Registration of Firearms by Certain Governmental Entities, "any official police organization . . . which acquires for official use of a firearm not registered to it, such as by abandonment or forfeiture, will register such firearm. . . ." The only exception to the registration requirement is for firearms that are being held as evidence in a criminal proceeding, which was not the case here. Williams claimed that the only use of the guns was for "administrative purposes," specifically for community outreach at the Head Start Center. Thus, the firearms still had to be registered.

Third, Williams urges that his possession of the firearms was not illegal under 18 U.S.C. § 922(o). That is also irrelevant. Section 922(o) criminalizes the transfer and possession of certain classes of firearms, for which law enforcement officials such as Williams are given an exception. It does not deal at all with registration. That is covered by 26 U.S.C. § 5861, the statute under which Williams was charged. It contains no law-enforcement exception—beyond the state-

3

ment in 27 C.F.R. § 479.104 that firearms held as evidence in a criminal trial need not be registered.

Fourth, Williams briefly mentions, in his statement of issues, the existence of a grandfather clause in the law. His argument on that issue, in full, is the following: "ATF's Law has a grandfather clause, December 19, 1986 which advises weapons held before that date are outside of the scope. The two donated weapons were prior to the date of enactment." Charitably construing this as an argument, it is still incorrect, because there is no grandfather clause in the statutes under which Williams was charged. We assume Williams is referring to the grandfather clause contained in 18 U.S.C. § 922(o)(2)(B), and the corresponding federal regulation 27 C.F.R. § 479.105(e), which does create a grandfather clause to 18 U.S.C. § 922(o), the statute that criminalizes possession of certain classes of firearms. As stated above, Williams does not appear to realize that he was charged not with possessing firearms but with failure to register. There is no grandfather clause in that registration statute.

Fifth, Williams argues that the Lawrason Act, a Louisiana state law, permits him to possess these types of firearms in his role as a police chief. Again, that is irrelevant. Williams was not charged with the possession of firearms but with the possession of unregistered firearms. Even assuming the validity of Williams's interpretation of the Lawrason Act, it has no bearing on the federal registration requirement.

Finally, Williams maintains that the guns should have been registered by the former chief. That is an argument Williams raised at trial, which the government rebutted with testimony by the former chief, who testified that he had never possessed the guns. It is not our role to judge credibility; rather, we view all evidence in the light most favorable to the government. *See United States v. Turner*, 319 F.3d 716, 720-21 (5th Cir. 2003).

In sum, Williams has not raised any credible argument on appeal to sug-

No. 09-31177

gest that there was a manifest miscarriage of justice. Rather, the record shows that the government produced more than sufficient evidence for a rational jury to find that Williams possessed unregistered firearms in violation of the relevant federal statutes.

## B.

In the Conclusion section of his brief, Williams drops in the following sentence: "Title 26 Section 5861 is unconstitutionally vague in application to police officers' and the law enforcement exception act." He does not expand on, or mention again, this constitutional challenge to his conviction in his opening brief (Williams does, however, briefly mention this argument again in his reply brief), nor did Williams raise this argument in his trial. Though we attempt to construe arguments from *pro se* criminal defendants liberally, and ignoring the evident waiver issues, there is no construction we can offer to bolster this sentence into a successful argument.

A criminal statute is not unconstitutionally vague if it defines "the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). The statute succinctly criminalizes the possession of certain unregistered firearms and does not include any exceptions, even for police officers. There is no vagueness.

AFFIRMED.

5